DUSON et al. v. PACIFIC IMPROVEMENT CO.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1927.)

No. 4818.

1. Logs and logging ⟨═⟩2—Vendor of timber land held entitled to cancellation of retrocession and reinstatement of purchase-money liens for fraud of purchaser.

Defendant purchased from complainant, a nonresident, timber land, and took title subject to vendor's lien, and mortgage for purchase money. He sold the standing timber, and received and retained the proceeds. Later he stated his inability to complete the payments, and offered to reconvey in settlement. After correspondence, the offer was accepted on condition that he furnish certificates from the clerks of courts showing clear title and pay whatever attorney's fees were made necessary. By his instructions the clerks omitted any reference to the timber sale, which was of record, and the retrocession was accepted. Held, that his action constituted a fraud, which entitled complainant to cancellation of the reconveyance and reinstatement of its vendor's lien and mortgage, which were of record, and took precedence over the timber sale.

2. Cancellation of instruments ⟨═⟩23—Complete restoration to former status is not required as condition to cancellation of conveyance, where made impossible by fraud of defendant.

A substantial restoration of the parties to their original situation is all that is required to entitle a complainant to cancellation of a conveyance where complete restoration is impossible because of fraud of defendant.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suit by the Pacific Improvement Company against W. W. Duson and the Newell Lumber Company. Decree for complainant, and defendants appeal. Affirmed.

See, also, 2 F.(2d) 261.

E. B. Dubuisson, of Opelousas, La., and Charles A. McCoy, of Lake Charles, La. (McCoy & Moss, of Lake Charles, La., Philip S. Pugh, of Crowley, La., and Dubuisson, Perrault & Burleigh, of Opelousas, La., on the brief), for appellants.

S. W. Plauche, of Lake Charles, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.. This is an appeal from a decree setting aside a retrocession of land and reinstating a vendor's lien and special mortgage thereon. That decree granted the relief prayed for in the bill of complaint of Pacific Improvement Company, appellee.

[1] In 1919 appellee sold to W. W. Duson certain lands located in the parishes of Allen and Evangeline, La. A part of the purchase price was represented by notes and secured by vendor's lien and special mortgage. In the acts of sale, which were promptly recorded, Duson bound himself "not to alienate, deteriorate or incumber said property to the prejudice of this mortgage, nor of the special lien and vendor's privilege which the said vendor hereby retains on the said property until the full and final payment of said notes."

In 1920 Duson sold the timber on these lands to the Newell Lumber Company for $7,500, which was paid in cash. The Pacific Improvement Company and its predecessor in title did not have offices in Louisiana, and Duson had been acting as their trusted agent in respect of the lands for many years. He made some payments on the notes, but in November of 1922 wrote to appellee that his financial condition was such that he would be unable to pay any more on the purchase price, and offered to reconvey to it all of the unsold land in cancellation of his debt. After considerable negotiations by correspondence, that offer was finally accepted in November of 1923 on condition that Duson reconvey all the unsold land free and clear of incumbrance, and secure certificates from the clerks of court of the two parishes showing that his deeds contained the acreage he claimed, and that there were no mortgages or other incumbrances thereon or adverse title thereto; and, further, that he pay whatever attorney's fee was necessary. Duson assent-

ed, and, pursuant to the agreement thus entered into, clerk's certificates were obtained; but Duson prepared the certificates, and prevailed on the clerks to omit any reference to the sale of the timber to the Newell Lumber Company, although the act of sale thereof had been duly recorded. Those certificates were then submitted to appellee's attorneys, who, in reliance upon them, accepted for it acts of retrocession dated December 6, 1923. Duson paid the attorneys a fee of $500.

The title to about 400 acres, a relatively small part of the land involved, by reason of a tax sale made before the conveyance by appellee to Duson, failed prior to the retrocession, because it was not redeemed within the statutory period. On March 8, 1924, Duson, acting as appellee's agent, and by its authority, sold to Leon S. Haas 80 acres that had theretofore been included in the act of retrocession. Appellee accepted the purchase price, less Duson's commission, but, on April 1, 1924, before its deed had been delivered, it was informed of the timber sale to the Newell Lumber Company. It thereupon repudiated the sale, and later offered to return the purchase price, but Haas refused to accept it, and claims title to the 80 acres.

[2] Unless Duson is entitled to complain of the decree, the Newell Lumber Company is not, for it took title to the timber subject to appellee's mortgage. The district judge, as appears from his opinion in the record, set aside the retrocession and reinstated the mortgage on the ground that Duson was guilty of fraud, because he intentionally concealed the fact that he had sold the timber on the land he reconveyed. To overcome this view it is argued that appellee only required the clerk's certificates to disclose that the land, as distinguished from the timber on it, was clear of incumbrance. It is said also that Duson's silence under the facts disclosed did not constitute fraud. We are of opinion that the view of the district judge is the correct one. What appellee contracted for was to get back the same title it had conveyed to the land that Duson had not sold. It did not agree to take a title that was subject to the right to remove the timber. Duson's conduct amounted to more than silence, for it resulted in the concealment of a material fact that otherwise would have been disclosed. The conclusion that it was Duson's intention to conceal from appellee the fact that he had sold the timber is inescapable, since it was at his direction that the recorded act of sale conveying that timber was not disclosed by the clerk's certificates.

Fraud was clearly shown. Farrar v. Churchill, 135 U. S. 609, 10 S. Ct. 771, 34 L. Ed. 246. Appellants further contend that the transaction, though it be tainted with fraud, should not have been set aside, for the reasons that appellee did not offer, and was not required to return the $500 attorney's fee paid by Duson, and was not in position to convey to Duson the title to the 80 acres claimed by Haas, or the title to the 400 acres that was lost because of a failure to pay taxes. The basis of these contentions is the doctrine that he who seeks the cancellation of an instrument must be able to make restitutio in integrum. A substantial restoration of the parties to their original situation is all that is required, where, because of fraud, one or the other is unable to make complete restoration. 4 R. C. L. 511; 9 C. J. 1210.

Appellants never became obligated to pay the attorney's fee, and received no benefit by reason of the fact that Duson paid it. Besides, the obligation to pay any fee arose out of the fraud. Duson could not make his fraudulent conduct binding on appellee, and thus prevent a rescission, by subsequently making a sale to Haas. If that sale conveyed title, Duson is entitled to the purchase price which it is not contended was inadequate; if it did not convey title, he owns the land. Nor is any difficulty presented by the failure of the title to the 400 acres, because the situation as it existed at the time of the retrocession is reinstated, and the parties are restored to whatever rights they had against each other at that time.

The decree is affirmed.